# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **The Massage Palms, Inc.**<br>8761 N 56th Street<br>#16207<br>Tampa, FL 33617<br><br>   Plaintiff,<br><br>v.<br><br><br><br>**Colibri Healthcare, LLC**<br>**dba Colibri Group**<br>c/o Registered Agent<br>Corporation Service Company<br>1201 Hayes<br>Tallahassee, FL 32301<br><br>  contact address of record<br>  22 Sunset Drive<br>  High Bridge, NJ 08829<br><br>and<br><br>**Rocky Mountain Publishing, LLC**<br>5048 Tennyson Pkwy<br>Suite 200<br>Plano, TX 75024<br><br>  Defendants | Case No.: 6:22-cv-02089<br><br>Judge:<br><br><br>**COMPLAINT FOR**<br>**TRADEMARK INFRINGEMENT,**<br>**UNFAIR COMPETITION AND**<br>**FALSE MARKING** |

NOW COMES Plaintiff, The Massage Palms, Inc., and for its Complaint against Defendants alleges as follows:

### THE PARTIES

1. Plaintiff, The Massage Palms, Inc., is a corporation organized under the laws of Florida, and has its principal business address at 8761 N 56th Street #16207, Tampa, FL 33617, located in Hillsborough County.

2. Upon information and belief, Defendant Colibri Group, LLC was formally known as Elite Professional Education, LLC, a Delaware corporation that is registered to do business in Florida and operates at 26 N Beach St, Ormond Beach, FL 32174 and/or 1452 N. US HWY #1, Suite 100, Ormond Beach, FL 32174.

3. On information and belief, Defendant has other locations outside of the State of Florida, including at 1801 Park 270 Drive, Suite 600, St Louis, MO 63146.

4. On information and belief, Defendant Rocky Mountain Publishing Inc. is a Texas corporation that operates at 5048 Tennyson Pkwy, Suite 200, Plano, TX 75024.

5. On information and belief, Defendants are acting in concert or through a license among themselves for the operation of the website www.homeceuconnection.com and a stylized trademark of the same name, Reg. No. 4,667,560.

## JURISDICTION AND VENUE

6. This is an action for trademark infringement for damages, injunctive relief and other relief for violations of 15 U.S.C. §1114; 15 U.S.C. §1125(a); 15 U.S.C. §1125(b); and for related claims arising under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq.

7. This Court has jurisdiction of this action under 15 U.S.C. §1121 and 28 U.S.C. §§1131, 1338 and 1367. This Court has subject matter over this matter because the Plaintiff states a claim for federal trademark infringement, 15 U.S.C. §1125(a) (aka §43(a) of the Lanham Act). This Court also has supplemental jurisdiction over the claims in the Complaint which arise under the statutory and common law of the State of Florida pursuant to 28 U.S.C. §1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) and/or 28 U.S.C. §1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, Defendant are subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

## FACTUAL ALLEGATIONS

9. Plaintiff is the owner of a number of Federally Registered Trademarks

including the term "CE MASSAGE" including:

 a. U.S. Trademark No. 6765224, for "CE MASSAGE" in International Class 041 for "Educational services, namely, providing continuing professional education courses in the field of alternative medicine and massage therapy", a true and accurate copy of which is attached as Exhibit A;

 b. U.S. Trademark No. 6765223, for "CEMassage" in International Class 041 for "Educational services, namely, providing continuing professional education courses in the field of alternative medicine and massage therapy", a true and accurate copy of which is attached as Exhibit B;

 c. U.S. Trademark No. 4661306, for "CE MASSAGE" in International Class 041 for "Educational services, namely, providing continuing professional education courses in the field of alternative medicine and massage therapy", a true and accurate copy of which is attached as Exhibit C; and

 d. U.S. Trademark No. 4661303 for "CEMassage" in International Class 041 for "Educational services, namely, providing continuing professional education courses in the field of alternative medicine and massage therapy", a true and accurate copy of which is attached as Exhibit D.

10. Plaintiff further owns a total of 17 domains and websites that have "CE Massage" in some form within the URL or its content.

11.  Plaintiff does business online through its primary website [www.cemassage.com,](www.cemassage.com) where its brand **CE Massage®** is used to identify and offers "Educational services, namely, providing continuing professional education courses in the field of alternative medicine and massage therapy".

12.  Plaintiff's services further include: providing online based Massage Continuing Education Course(s), Course Packages, and Tests to Licensed, Registered, and/or Certified Massage Therapists and/or anybody that just wants to take CE Massage®'s Courses without CE credit for Education, research, teaching, and/or educational purposes.

13.  Plaintiff, under the CE Massage® brand, also provides educational services, research, training, and Continuing Professional Education Courses in Alternative Medicine and Massage Therapy Field, Holistic Health, General Health Care Field, and/or Massage Continuing Education Field.

14.  CE Massage® writes and produces its own Massage Continuing Education Courses, Tests, Materials, Continuing Education Software Products, and/or Content to advertise and sell to Licensed, Registered, and/or Certified Massage Therapists to take CE Massage® Courses and/or renew their respective State and/or, County and/or City, Local, and/or National Licenses and Certifications with various States, Boards, and various approving Organizations and/or various certifying entities.

15. Under the CE Massage® brand, the Plaintiff has provided over 100,000 courses since its inception in 2010.

16. In 2010, "CE Massage®" was unique in its branded content.

17. Since 2010, Plaintiff has built the CE MASSAGE® brand and a created a following among tens of thousands of massage therapists customers.

18. Plaintiff has earned a positive reputation within its market built through, *inter alia*, offering live human phone support during the weekdays and seven-day customer support (online), including nights (1 and 2 am), weekends (Saturday and Sunday), and holidays (Christmas and New Year's included).

19. Even without power during hurricanes, Hurricane Ian included, individuals were still able to obtain responses to service requests. Not one day had elapsed without a customer support representative checking the support system and responding to individuals.

20. This availability of support contact makes the CE Massage® stand out over many companies and competitors. Hence, Plaintiff has received and does receive phone calls from potential customers thinking they ordered CE Massage® branded content but, in fact, have ordered from a competitor who offers little to no customer support.

21. Since Plaintiff's customer support is top-notch, and the fame and popularity of Plaintiff's brand have led to numerous "knock-offs" and cases of

infringement.

22. Plaintiff is currently asserting that Defendants have infringed and are infringing Plaintiff's federally registered trademark.

23. On information and belief, in the latter part of 2020, the Defendant was acquired and/or received an investment of capital or equity from Pax Capital Partners.

24. Pax Capital Partners describes itself as a leading tech-enabled investment bank that focuses on advising high-growth Software and Internet companies that provides best-in-class advice, process, and execution on M&A, recapitalization and restructuring transactions. Pax Capital Partners is headquartered in San Francisco, California.

25. On information and belief, in the latter part of 2020, the Defendant Colibri was acquired and/or received an investment of capital or equity from Gridiron Capital, LLC.

26. Gridiron Capital describes itself as an investment firm focused on partnering with founders, entrepreneurs, and management teams, and creating value by building middle-market companies into industry-leaders in branded consumer, B2B and B2C services, and niche industrial segments in the United States and Canada.

27. Defendant(s) do business through www.homeceuconnection.com.

28. On information and belief, at least as late as April, 2020 Defendants brand their services with the following mark:



pursuant U.S. Reg. No. 4,667,560.

29. The HOMECEUCONNECTION.COM mark of Reg. No. 4,667,560 is owned by Defendant Rocky Mountain Publishing, LLC.

30. Specimens for Section 8 renewal of the '560 registration, filed by Defendant Rocky Mountain Publishing, shows a screen print from the website www.homeceuconnection.com as operated by Defendant Colibri Healthcare.

31. Sometime after their collaboration with investment banks, the Defendant's website, content and advertising changed.

32. The Defendant(s) website www.homeceuconnection.com now is branded with HomeCEU®:



33. Defendant(s) advertising now claims to offer "CE massage courses....":

> https://www.homeceuconnection.com › nevada-mt-cont...
> **HomeCEU - Nevada CE Massage Courses**
> HomeCEU offers **CE massage** courses for Nevada massage therapists. Complete your CE hours online! NCBTMB Approved CE Provider. Start today!

34. Defendants were not and are not authorized by Plaintiff in any way to use the Plaintiff's federally registered marks.

35. Plaintiff is entitled to an award of damages against all Defendants for trademark infringement.

## CLAIM NO. 1
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. §1114 (§32 of the Lanham Act)*

36. Plaintiff hereby incorporates by reference each paragraph 1-35 as if fully re-written herein.

37. Defendants' use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's CE MASSAGE® registered mark(s) in connection with the sale, offering for sale, distribution or advertising of goods and services provided by Defendants has been done in such a manner as to be likely to cause confusion, mistake, or deceive.

38. Defendants' actions were committed with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

39. Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 and

9

recovery of damages from Defendants jointly and severally, pursuant to 15 U.S.C. §1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants' profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two hundred thousand dollars ($200,000.00).

**CLAIM NO. 2**
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a) (§43(a) of the Lanham Act)*

40. Plaintiff realleges and incorporates by reference each paragraph 1-35 as if fully re-written herein.

41. Defendants' use of the term "CE MASSAGE" in relation to their "CE Massage Courses" is likely to cause confusion with Plaintiff's mark, CE MASSAGE®.

42. Defendants' use of the term CE MASSAGE in relation to their "CE MASSAGE Courses" is likely to cause mistake between Plaintiff's mark, CE MASSAGE®.

43. Defendants' use of the term CE MASSAGE is relation to their CE Massage Courses is likely to deceive as to the affiliation, connection or association with Plaintiff's mark, CE MASSAGE®.

44. Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their use of the terms CE MASSAGE.

45. Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 U.S.C. §1117. Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

### CLAIM NO. 3
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(b) (§43(b) of the Lanham Act)*

46. The Plaintiff hereby realleges and incorporates by reference each paragraph 1-35 as if fully re-written herein.

47. Defendants' use of the term CE MASSAGE is a counterfeit of Plaintiff's registered mark, CE MASSAGE®.

48. Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 U.S.C. §1117. Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case. Plaintiff is

entitled to injunctive relief under 15 U.S.C. §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 U.S.C. §1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two hundred thousand dollars ($200,000.00).

### CLAIM NO. 4
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(b) (§43(b) of the Lanham Act)*

49. Plaintiff hereby realleges and incorporates by reference each paragraph 1-35 as if fully re-written herein.

50. Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their use of the terms CE MASSAGE.

51. Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 U.S.C. §1117. Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case. Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 and recovery of damages from

Defendants jointly and severally, pursuant to 15 U.S.C. §1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two million dollars ($2,000,000.00).

### CLAIM NO. 5
*(Deceptive and Unfair Trade Practices under Fla. Stat. 501.201 et seq.)*

52. Plaintiff hereby realleges and incorporates by reference each paragraph 1-35 as if fully re-written herein.

53. Defendants' use of the Plaintiff's registered trademark(s) amounts to the misappropriation of property or the use of an untrue, deceptive, or misleading representation or the use of any unfair, unlawful, or deceptive trade practice.

54. Defendants' use of the Plaintiff's trademark(s) may mislead or deceive anyone by the unauthorized use of a trademark that has been awarded by the United States Patent and Trademark Office.

55. Defendants' conduct constitutes a violation of, *inter alia*, Fla. Stat. §501.937.

56. Defendants' conduct in the use of the term CE MASSAGE and other conduct as alleged in the operative facts represents unfair business practices under Fla. Stat. §501.101 et seq. for which Defendants are jointly and severally liable for

all damages proximately caused to Plaintiff.

57. Plaintiff is further entitled to injunctive relief, treble damages and attorney fees under said act.

## CLAIM NO. 6
*(False Marking of Trademark, 17 U.S.C. §1326)*

58. Plaintiff hereby incorporates by reference each paragraph 1-35 as if fully re-written herein.

59. Defendants' use of the following mark:



includes the ® symbol.

60. Neither Defendant has filed or has obtained a trademark registration for the mark HomeCEU®.

61. Defendants' conduct constitutes false marking and fraud against the public pursuant to 17 U.S.C. §1326.

62. Defendants' conduct of false marking is subject to a fine of more than $500 for each "use" of the false mark.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, Plaintiff prays that this Court enter an Order against Defendant:

A) That the Court enter judgment in favor of Plaintiff against Defendants, jointly and severally, for all damages proximately caused by Defendants and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action;

B) That the Court find that Defendants have violated 15 U.S.C. §1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. §1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $200,000.00 against Defendants;.

C) That the Court find that Defendants have violated 15 U.S.C. §1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. §1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $2,000,000.00 against Defendants;

D) A permanent injunction enjoining the Defendants from making, using,

marketing or selling any product or service that infringes upon the Plaintiff's CE MASSAGE® or CEMASSAGE®  trademarks or that are likely to cause confusion with the Plaintiff's CE massage usage;

E)     That the Court find that Defendants have violated 15 U.S.C. §1125(b) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. §1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just;

F)     That the Court find that Defendants have violated Fla. Stat 501.201 et seq. and grant Plaintiff preliminary and permanent injunctive relief together with such damages as are proven at trial, said amount to be trebled; and that the court award Plaintiff its attorney fees and costs;

G)     That the Court find that Defendants have falsely marked their website and find a penalty against the Defendants, jointly and severally, for false marking in an amount of $500 per each identifiable instance of a consumer viewing of the false mark, one-half of which be awarded to the Plaintiff and one-half of which be awarded to the United States; and

H)     That the Court award such other and further relief as it deems just and equitable in the premise.

## **JURY DEMAND**

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

Dated: November 11, 2022          Respectfully submitted,

SAND, SEBOLT & WERNOW CO., LPA

<u>/s/ *Howard L. Wernow*</u>
Howard L. Wernow, B.C.S.
Fla Bar No. 107560
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: howard.wernow@sswip.com

*Board Certified in Intellectual Property Law by the Florida Bar*

Together with:

JOHN D. GUGLIOTTA
*(Pro hac vice forthcoming)*
Gugliotta & Gugliotta, LPA
30020 W. Market Street
Akron, OH 44333
Telephone: (330) 253-2225
Facsimile: (330) 253-6658

ATTORNEYS FOR PLAINTIFF